UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:24-cr-152-WFJ-SPF

LATOSHA STRONG
_____/

**ORDER**

On February 3, 2025, the Court found by a preponderance of the evidence that Defendant Latosha Strong was presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she was unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. 18 U.S.C. § 4241(d). Consequently, the Court order her committed to the custody of the Attorney General for treatment at a suitable facility for a reasonable period of time, not to exceed four months, as necessary to determine whether there was a substantial probability that in the foreseeable future, she would attain the capacity to permit the proceedings to go forward ("Competency Order") (Doc. 51). Strong filed a pro se notice of appeal to the Eleventh Circuit of the Competency Order (Doc. 55). The presiding district judge found the appeal to be premature and frivolous (Doc. 62). After the United Staes raised the issue of timeliness, the Eleventh Circuit then remanded the case to the district court for the limited purpose of determining whether an extension under Fed. R. App. P. 4(b)(4) is justified. In response to the Court's inquire, counsel for Defendant stated: "There exists no valid basis to appeal the magistrate court's competency finding and no basis for this

Court to conclude that an untimely pro se notice of appeal by a defendant who has been found incompetent to proceed and who is represented by competent counsel is justified under Rule 4(b)(4)." (Doc. 75).

On June 3, 2025, the warden at the facility where Defendant was treated notified the Court that, "[i]n the opinion of our clinical staff, [Defendant] is currently competent to proceed." (Doc. S-79). The warden attached a Forensic Psychological Report in which a forensic psychologist opined:

> Ms. Strong is competent to proceed and will remain competent for the foreseeable future. Ms. Strong has a history of filing various motions with Sovereign Citizen ideology, which is likely to continue. She is also expected to continue using Sovereign Citizen terminology when responding to questions posed by the Court and her defense attorney. Although interacting with Ms. Strong will likely continue to be burdensome, it is my conclusion her communication style is volitional and not related to mental illness. Therefore, Ms. Strong should remain competent for the foreseeable future.

(*Id.*).

On June 30, 2025, the Court held a competency hearing. The United States moved the Forensic Psychological Report into evidence. No other evidence was presented. The Court found Defendant competent to proceed.

The Court then provided Defendant with an opportunity to establish good cause or excusable neglect to justify an extension under Fed. R. App. P. 4(b)(4). After Defendant failed to do so, the Court denied the construed motion for extension of time to file an appeal under Fed. R. App. P. 4(b)(4).

Defendant then orally moved to waive her right to counsel and to proceed with self-representation. The Court conducted a *Faretta* inquiry, at which Defendant was made

aware of the dangers and disadvantages of self-representation. Following the *Faretta* inquiry, the Court found that the Defendant made a knowing and intelligent waiver of her right to be represented by counsel.

Accordingly, it is ORDERED:

1. Defendant Latosha Strong is COMPETENT TO PROCEED;
2. Defendant's construed motion for extension of time under Fed. R. App. P. 4(b)(4) is DENIED for failure to establish good cause or excusable neglect;
3. Defendant's oral motion to waive her right to counsel and to proceed with self-representation is GRANTED; and
4. Defendant's court-appointed attorney is DISCHARGED.

**ORDERED** in Tampa, Florida, on June 30, 2025.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE